IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PAUL GEORGE BETTENCOURT, | : | |
| Plaintiff, | : | |
| VS. | : | 1:10-CV-133 (WLS) |
| BRIAN OWENS, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on October 4, 2010. (Doc. 3). Presently pending in this action are Plaintiff's Motions for Default Judgment and Motion for Inquiry, Defendants Allen, Alls, Autry, Brown, Nobles, Owens, Spears, Wade, Williams, and Zackery's Motion to Dismiss, and Defendant Cleveland's Motion to Dismiss. (Docs. 27, 45, 49, 62, 23, 46).

**Factual Background**

Plaintiff's Complaint alleges that Defendants[1] were deliberately indifferent to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. (Doc. 3). Plaintiff asserts that beginning in August 2009, while incarcerated at Autry State Prison (hereinafter "ASP"), another inmate started to sexually harass him. Throughout August 2009, Plaintiff alleges that he notified Defendants Nobles, Allen, Cleveland, Owens, Williams, Wade, and Autry of the sexual harassment. Plaintiff also states that he tried to "sign up" for protective custody with Defendants

---

[1] The undersigned notes that the Report and Recommendation (Doc. 5) by the undersigned recommending the dismissal of Defendant "Jane Doe" does not appear to have been adopted by the District Judge assigned to this case as of the date of this Order and Recommendation.

Brown, Zackery, and Alls, but was denied each time. According to Plaintiff, the Defendants either refused to help or ignored Plaintiff's requests for help.

Plaintiff states that on September 7, 2009, he was brutally attacked and raped in his cell by another inmate. Plaintiff alleges that after he was raped he called the Prison Rape Elimination Act Hotline and reported the incident to Defendant Spears, and also filed a grievance. Two days after the rape, Plaintiff was allegedly taken to Mitchell County Hospital so that he could be examined, and upon return from the hospital, Plaintiff was placed in protective custody until he was transferred to a different facility.

Plaintiff maintains that Defendants Nobles, Allen, Cleveland, Owens, Autry, Brown, Zackery, Williams, Wade, and Alls were deliberately indifferent to a substantial risk of harm. Further, based on the allegations contained in Plaintiff's Complaint, the Court determined Plaintiff's statement of the facts alleged that Defendant Spears was deliberately indifferent to Plaintiff's serious medical need following the rape.

***Default Judgment (Docs. 27, 45, 49)***

On December 22, 2010 and February 18, 2011, Plaintiff filed Motions for default judgment requesting the Court enter default against Defendant Cleveland for failing to plead or otherwise defend the above-styled action. (Docs. 27, 45). Then on March 2, 2011, Plaintiff filed a Motion to Reconsider Motion for Default Judgment. (Doc. 49). As there has been no decision on the previous Motions for default judgment, the undersigned construes the Motion to Reconsider as a motion for default judgment.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The entry of default or default judgment is not appropriate

in this case. A waiver of service form was mailed to Defendant Cleveland on October 15, 2010. (*See* Doc. 20). Defendant Cleveland returned the waiver of service form with a signed date of November 16, 2010. Since Defendant Cleveland timely returned the signed waiver of service, she had sixty (60) days from the date the waiver of service form was mailed to file an answer to Plaintiff's Complaint. Fed. R. Civ. P. 4(d)(3).

Defendant Cleveland filed an Answer on December 14, 2010, which was sixty (60) days after the waiver form was mailed to Defendant Cleveland. (Doc. 25). Thus, Defendant Cleveland timely filed her response and, therefore, did not fail to plead or defend this action. Accordingly, it is the recommendation of the undersigned that Plaintiff's Motions for default judgment and Motion to Reconsider Motion for Default Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Motions to Dismiss (Doc. 23, 46)***

Defendants Owens, Allen, Nobles, Alls, Autry, Brown, Spears, Wade, Williams, and Zackery filed a Motion to Dismiss stating that the action should be dismissed, among other reasons, for Plaintiff's failure to exhaust all administrative remedies and failure to state a claim upon which relief can be granted. (Doc. 23). Additionally, Defendant Cleveland, represented by different counsel, filed a Motion to Dismiss stating this action should be dismissed because Plaintiff failed to exhaust the administrative remedies available to him. (Doc. 46). Accordingly, the Motions to Dismiss will be addressed simultaneously.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v.*

3

*Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

**Failure to Exhaust**

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual

4

> allegations in the defendant's motion to dismiss and those in the
> plaintiff's response, and if they conflict, takes the plaintiff's version
> of facts as true. If, in that light, the defendant is entitled to have the
> complaint dismissed for failure to exhaust administrative remedies, it
> must be dismissed. . . . If the complaint is not subject to dismissal at
> the first step, where the plaintiff's allegations are assumed to be true,
> the court then proceeds to make specific findings in order to resolve
> the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

*1. Defendant Spears*

Plaintiff alleges that Defendant Spears was deliberately indifferent to a serious medical need because Plaintiff informed Defendant Spears that he was raped, and Defendant Spears told Plaintiff he did not have time to help. (Doc. 3). A review of the factual allegations in Defendant Spears'[2] Motion and Plaintiff's Response reveals that Plaintiff did not file a grievance relating to the claim of deliberate indifference to a serious medical need. Defendant Spears contends that Plaintiff failed to exhaust the administrative remedies available to him regarding the claim that Plaintiff was delayed or denied medical treatment following the alleged rape. (Doc. 23-1). In Plaintiff's Response, he states that he should be allowed time to exhaust his administrative remedies against Defendant Spears because the claim was added by the Court pursuant to the facts alleged in Plaintiff's Complaint. (Doc. 39). Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

As Plaintiff acknowledges he has not exhausted his administrative remedies, there is no factual dispute between Defendant Spears' Motion to Dismiss and Plaintiff's Response.

---

[2]Defendants Allen, Alls, Autry, Brown, Nobles, Owens, Spears, Wade, Williams, and Zackery moved to dismiss any claims of deliberate indifference to a serious medical need following the assault and rape based on a failure to exhaust administrative remedies. Defendant Spears is the only Defendant alleged to have acted with deliberate indifference to a serious medical need.

Defendant Spears is entitled to have the claims against him dismissed at the first step of the analysis because Plaintiff agrees that he has failed to exhaust his administrative remedies. *See Turner*, 541 F.3d at 1082. The Court finds that Plaintiff has not exhausted his claim of deliberate indifference to a serious medical need, in that, he has not utilized available administrative remedies to grieve the alleged offenses of Defendant Spears. Accordingly, the claim against Defendant Spears must be dismissed.

<u>2. Defendant Cleveland</u>

Plaintiff alleges that he told Defendant Cleveland, a mental health counselor at ASP, that he was in danger and she failed to take action to protect Plaintiff. (Doc. 3). In Plaintiff's Response to Defendant Cleveland's Motion to Dismiss, he maintains that he exhausted all administrative remedies because grievance number 26995, which included Defendant Cleveland, "was forwarded to internal investigation." (Doc. 51). Neither Plaintiff nor Defendant Cleveland disputes that Plaintiff's grievance was sent to the Internal Investigations Unit. While Plaintiff states that he has exhausted his administrative remedies, a grievance is not exhausted when it is sent to the Internal Investigations Unit. (Doc. 46-2, Ross Affidavit, ¶ 9). Thus, a review of the factual allegations in Defendant Cleveland's Motion and Plaintiff's Response does not appear to reveal a conflict. However, because Plaintiff states that his grievance was exhausted, the Court will, in an abundance of caution, proceed with the second step of the analysis and make specific findings in order to resolve any possible disputed factual issues.

Defendant Cleveland maintains, and supports with the Affidavit from the Grievance Coordinator at ASP, that Plaintiff did not exhaust any grievances regarding the allegations against Defendant Cleveland. (*See* Doc. 46-2, Ross Affidavit). The affidavit testimony establishes the presence of a grievance system at ASP, and that Plaintiff filed four (4) grievances that concern

6

ASP. (*Id.* at ¶ 11). Defendant Cleveland provided the Court with copies of the grievances filed by Plaintiff.

On August 18, 2009, Plaintiff filed grievance number 25618 complaining that Defendants Nobles, Allen, and non-party Harrison were aware that Plaintiff was raped in 2002, yet refused to place him in protective custody. (Doc. 46-4). A formal grievance was issued, which resulted in Plaintiff being placed in protective custody. This grievance was resolved; thus, Plaintiff did not need to appeal this grievance to the Commissioner's office.

On September 7, 2009, Plaintiff filed grievance number 26995 complaining that he was raped due to the negligence of the prison officials. (Doc. 46-5). In the grievance, Plaintiff states that he had informed Defendants Owens, Allen, Nobles, Cleveland, Williams, Brown, Alls, Zackery, and Wade of his concerns about being raped and his need for protective custody. Further, Plaintiff states that he attempted to tell Defendant Spears about the problem, but Defendant Spears stated he did not have time to help. A formal grievance was issued and, due to the nature of the allegations, was forwarded to Internal Investigations for review. There was no appeal filed with the Commissioner for grievance number 26995.

Additionally, Plaintiff filed grievance number 25013 on August 13, 2009, complaining that he was being discriminated against because there was no fire escape in his building, and he filed grievance number 29189 on September 29, 2009, complaining that he had not seen his mental health counselor that month. (*Id.*). Both grievances were resolved at the informal stage, and thus, Plaintiff did not need to file formal grievances or appeals.

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford*, 548 U.S. at 88. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process. *Id.* at

92. To remedy a concern, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI. Furthermore, a grievance forwarded to the Internal Investigations Unit is "considered pending and active until a response is received . . . [and] only once [a] response is received can the grievance [] be resolved or denied." (Doc. 46-2, Ross Affidavit, ¶ 9).

Herein, only grievance number 26995 identifies Defendant Cleveland and complains of the allegations contained in Plaintiff's Complaint. This grievance was forwarded to the Internal Investigations Unit and there is no evidence that Plaintiff filed an appeal to the Commissioner's office. In Plaintiff's Response, he states that grievance number 26995, which included Defendant Cleveland, was forwarded to the Internal Investigations Unit; thus, it was exhausted. (Doc. 51).

However, a grievance is exhausted only upon completion of all three steps of the grievance process, and a grievance sent to the Internal Investigations Unit remains pending until a response is provided. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert*, 510 F.3d at 1324. Grievance number 26995 was still pending as of the date that Plaintiff filed this action, as a response had not been returned to the prison by the Internal Investigations Unit. (*See* Doc. 46-3). Further, there is no evidence indicating that Plaintiff exhausted grievance number 26995 by filing an appeal with the Commissioner's Office.

The Court finds that Plaintiff has not exhausted his claim underlying the action against Defendant Cleveland, in that, he has not utilized available administrative remedies to grieve the alleged offenses of Defendant Cleveland. Accordingly, the claim against Defendant Cleveland must be dismissed.

**Failure to State a Claim**

Defendants Allen, Alls, Autry, Brown, Nobles, Owens, Spears, Wade, Williams, and Zackery (hereinafter "Defendants") maintain that the allegations against them fail to state a claim for relief of deliberate indifference to a substantial risk of harm to Plaintiff. (Doc. 23-1). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The

deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

In order to survive a motion to dismiss, a complaint must allege the defendant had both objective and subjective knowledge of a serious risk of harm to the plaintiff. *See Murphy v. Turpin*, 159 Fed. Appx. 945, 948 (11th Cir. 2005) (dismissing complaint for failure to state a claim of failure to protect because the complaint did not show the defendants had the requisite subjective knowledge of a risk of serious harm); *Smith*, 368 Fed. Appx. at 14 (finding a complaint failed to state a claim regarding deliberate indifference when the plaintiff failed to allege the defendants foresaw an attack, or caused the attack).

*1. Defendants Alls, Brown, Wade, Williams, and Zackery*

Defendants first maintain the Complaint fails to allege that Defendants Alls, Brown, Wade, Williams, and Zackery had any knowledge of a substantial risk of serious harm to Plaintiff's safety. (Doc. 23-1). In his Complaint, Plaintiff alleges that he tried to sign into protective custody with Defendants Alls, Brown, and Zackery, but Plaintiff was denied. (Doc. 3). Plaintiff does not state these three Defendants were aware of why Plaintiff was seeking protective custody, nor that they had any knowledge that Plaintiff was being sexually harassed and feared he was going to be raped. As Plaintiff's Complaint fails to allege Defendants Alls, Brown, and Zackery had the

10

requisite subjective knowledge to cause Plaintiff harm, the claims against these three Defendants must be dismissed.

Plaintiff also alleges that he attempted to tell Defendant Williams about his problems but, before he could, Defendant Williams told Plaintiff to talk to another prison official. Plaintiff states he then went to tell Defendant Wade about the situation, but before Plaintiff could tell Defendant Wade why Plaintiff wanted to be in protective custody Defendant Wade told Plaintiff that he would not be moved to a different building. (Doc. 3). Plaintiff's Complaint fails to allege that Defendants Williams and Wade were aware of the fact that Plaintiff was being sexually harassed or that Plaintiff feared being raped. As Defendants Williams and Wade were not aware of the situation, they lacked the necessary subjective knowledge to cause Plaintiff harm. *See Palmer v. Sergeant Gjerde*, 2011 WL 250406 *4 (M.D. Fla. 2011) (granting motion to dismiss for failure to state a claim when the defendant was not made aware of the plaintiff's fear for his safety). Accordingly, Plaintiff fails to state a claim against these two Defendants, and the claims against Defendants Williams and Wade must be dismissed.

## 2. Defendant Owens

Defendants also move to dismiss the claims against Defendant Owens, the Commissioner of the Georgia Department of Corrections, based on the fact that vicarious liability claims are impermissible under § 1983. Plaintiff alleges that he wrote Defendant Owens informing him that he was being sexually harassed and had been refused protective custody. Defendants maintain that Plaintiff is attempting to hold Defendant Owens liable for the conduct of others. (Doc. 23-1).

A supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged

constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Herein, Plaintiff alleges that he wrote a letter to Defendant Owens that he was being sexually harassed, and had not been placed in protective custody, yet Defendant Owens did not respond. (Doc. 3). A letter or grievance to a supervisor is not sufficient to show that the defendant had subjective knowledge of a substantial risk of harm. *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga 2011) (finding the plaintiff failed to state a claim against the warden when the plaintiff alleged that the warden's only involvement was that the warden did not take action after receiving one grievance appeal and one letter); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga 2009) (finding letters and grievances sent to the "jail's upper officials" were insufficient to show the defendants were on notice and drew the inference of a substantial risk of serious harm); *Larkin v. Lawrence*, 2010 WL 724107 (S.D. Ga 2010) (finding no causal connection between supervisor defendant and alleged unconstitutional acts where the plaintiff alleged he wrote a letter but failed to allege that the defendant ever received the letter); *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.")

Plaintiff appears to be alleging that he sent Defendant Owens a letter stating Plaintiff's concerns that he was not being placed in protective custody by prison employees after he complained of being sexually harassed. As a letter is insufficient so show that a supervisor had subjective knowledge of a substantial risk of harm to Plaintiff, Plaintiff has failed to sufficiently plead a claim against Defendant Owens. Thus, the undersigned recommends that the allegations

12

against Defendant Owns be dismissed based on a failure to state a claim upon which relief can be granted.

*3. Defendants Allen, Autry, and Nobles*

Defendants also assert that Plaintiff failed to state a claim of deliberate indifference against Defendant Allen, the Deputy Warden at ASP, Defendant Autry, a Grievance Counselor at ASP, and Defendant Nobles, the Chief Counselor at ASP. (Doc. 23-1). Plaintiff alleges that he wrote letters to Defendants Allen and Nobles informing them that he was being sexually harassed, and he filed an informal grievance with Defendant Autry complaining that he was being sexually harassed.[3] (Doc. 3). Plaintiff informed these Defendants that his requests for protective custody had been denied, and he needed to be transferred to another building.

The Court notes that Plaintiff's allegations against these three Defendants are similar to the allegations against Defendant Owens. However, Defendants did not move to dismiss the claims against these three Defendants on the basis of vicarious liability. Furthermore, Defendant Owens, as the Commissioner of the Department of Corrections, is further removed from the alleged constitutional violations than Defendants Allen, Autry, and Nobles.

The undersigned acknowledges that based on the face of the Complaint, it is difficult to determine if Plaintiff has successfully pleaded a claim of deliberate indifference to a substantial risk of harm against these three Defendants. However, "[a] document that is filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

---

[3]The Court interprets Plaintiff's Complaint to allege that Defendant Autry was deliberately indifferent to the risk of harm to Plaintiff, not that Defendant Autry failed to appropriately handle Plaintiff's grievance.

13

Furthermore, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 93. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

To support their Motion to Dismiss for failure to state a claim, these Defendants cite to several cases where the plaintiff alleged Eighth Amendment violations and the court granted summary judgment in favor of the defendants. (*See* Doc. 23-1). The undersigned finds these cases to be unpersuasive in this Motion to Dismiss because the non-moving party's requirement of proof is more stringent in a motion for summary judgment than a motion to dismiss.

These Defendants assert that the Complaint does not state a claim for relief because Plaintiff did not allege that he notified prison officials regarding how he was being sexually harassed, who was sexually harassing him, and who raped him. Further, Defendants state that "Plaintiff certainly does not allege that he notified prison officials he feared any particular inmate or that he had received any specific threats." (Doc. 23-1). A defendant cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843.

Liberally construing Plaintiff's Complaint, Plaintiff alleges that he wrote letters and a grievance to these Defendants explaining that he was being sexually harassed and needed to be placed in protective custody. Plaintiff also states that these Defendants took no action to place him in protective custody, and as a result, Plaintiff was assaulted and raped. Plaintiff has alleged

14

enough to show that it is plausible that these three Defendants had subjective knowledge of the threat of a serious risk of harm, yet failed to protect Plaintiff. Accordingly, the undersigned finds that this *pro se* Complaint is sufficiently plead as to the claims against Defendants Allen, Autry, and Nobles, and thus, those claims should not be dismissed.

**Qualified Immunity**

In their Motion to Dismiss, Defendants maintain that they are entitled to qualified immunity. Defendants "'are entitled to qualified immunity at this stage in the proceedings if [Plaintiff's] complaint fails to allege a violation of a clearly established constitutional right.'" *Santamorena v. Georgia Military College*, 147 F.3d 1337, 1340 (11th Cir. 1998) (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).

Qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009). "Under the qualified immunity standard recently rearticulated by the Supreme Court in *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Id.* at 905.

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness

must be apparent.'" *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional." *Id.* at 2516.

In the context of the defense of qualified immunity asserted on a 12(b)(6) motion to dismiss, there must be a failure by the plaintiff to set forth a clearly established constitutional violation in order for the protection of qualified immunity to attach.

Herein, the undersigned has determined that Plaintiff has sufficiently plead a claim of deliberate difference to a substantial risk of harm as to Defendants Allen, Autry, and Nobles. As the Complaint alleges a violation of a clearly established constitutional right against these three Defendants, it follows that they are not entitled to qualified immunity at this stage in the litigation. Qualified immunity may be more appropriate at the summary judgment stage. *See Williams*, 102 F.3d at 1182.

**Official Capacity**

Defendants assert that they are entitled to dismissal of the allegations against them in their official capacity as official capacity claims are barred by Eleventh Amendment immunity. "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). This immunity also extends to state agencies and state officers. "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents…." *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

The Court has repeatedly held that "§1983 does not override a State's Eleventh Amendment immunity." *Will v. Michigan Dept of State Police*, 491 U.S. 58, 63 (1989); *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky*, 473 U.S. at 169 n. 17. Accordingly, the undersigned recommends that the claims against Defendants in their official capacities be dismissed.

**State Law Claims**

Along with his Federal claims, Plaintiff also seeks redress for alleged violations of the Georgia Constitution and under O.C.G.A. § 42-5-31 based on Defendants' allegedly tortious conduct. (Doc. 3). In Defendants' Allen, Alls, Autry, Brown, Nobles, Owens, Spears, Wade, Williams, and Zackery's Motion to Dismiss, these Defendants argue that Plaintiff cannot bring state law claims because Defendants are immune from tort liability under the Georgia Tort Claims Act ("GTCA"). (Doc. 23-1).

When prison officials are deliberately indifferent to a known danger, their failure to intervene offends evolving standards of decency and rises to the level of a constitutional tort. *Brown v. Hughes*, 894 F.3d 1533, 1537 (internal quotations omitted). O.C.G.A. § 50-21-25 provides the exclusive remedy for a tort committed by a state officer or employee while acting within the scope of his official duties. "A person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b).

"The GTCA's exemption of state officers and employees from liability for torts committed while acting within the scope of their official duties or employment has been construed broadly to include unauthorized tortious acts that occur during the time the officer or employee is engaged in performance of his official duties." *Tootle v. Cartee*, 280 Ga.App. 428, 430-31 (2006); *see also*

17

*Davis v. Standifer*, 275 Ga.App. 769, 771 (2005) ("Where the state employee acts in the prosecution and within the scope of [his official duties], intentional wrongful conduct comes within and remains within the scope of employment." (alteration in original) (internal quotations omitted)).

Herein, all Defendants were acting within the scope of their employment when they were allegedly deliberately indifferent to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. Plaintiff's state law claims must fail as Plaintiff did not name as Defendant the appropriate state government entity, and Defendants have immunity from suit under state law. Therefore, it is the recommendation of the undersigned that Plaintiff's state law claims be dismissed.

**Conclusion**

Pursuant to Defendant Cleveland's Motion to Dismiss, the undersigned finds that Plaintiff has not exhausted the claim against Defendant Cleveland, and thus, the undersigned recommends that Defendant Cleveland's Motion to Dismiss be **GRANTED**.

As to the Motion to Dismiss filed by the remaining ten Defendants, the undersigned finds that Plaintiff did not exhaust the claim against Defendant Spears, and Plaintiff has also failed to state a claim for which relief can be granted as to the claims against Defendants Alls, Brown, Owens, Wade, Williams, and Zackery. However, Plaintiff has sufficiently stated a claim of deliberate indifference against Defendants Allen, Autry, and Nobles.

Accordingly, it is the recommendation of the undersigned that Defendants Allen, Alls, Autry, Brown, Nobles, Owens, Spears, Wade, Williams, and Zackery's Motion to Dismiss be **GRANTED in part and DENIED in part** as follows: the Motion be **GRANTED** as to all claims against Defendants Alls, Brown, Owens, Spears, Wade, Williams, and Zackery; the Motion be

**GRANTED** as to the official capacity claims against Defendants Allen, Autry, and Nobles; the Motion be **GRANTED** as to the state law claims against Defendants Allen, Autry and Nobles; the Motion be **DENIED** as to the remaining claims against Defendants Allen, Autry, and Nobles.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Plaintiff's Letters (Docs. 19, 50, 60)*

The Court recognizes that Plaintiff has filed several letters with the Court regarding his interactions with prison officials at Georgia State Prison. Defendants have interpreted the letters to be requests for injunctive relief and have filed several responses asking the Court to deny relief. (Docs. 21, 53, 55). The Court has considered Plaintiff's letters and has determined that Plaintiff is not moving for any relief; thus, the letters do not merit any decision from this Court.

*Motion for Inquiry (Doc. 62)*

Plaintiff filed a Motion of Inquiry on July 14, 2011 requesting the Court to provide a ruling on Defendants' Motions to Dismiss or provide an explanation as to why the Motions have not been ruled on. As the undersigned has filed recommendations as to Defendants' Motions to Dismiss in this Order and Recommendation, Plaintiff's Motion for Inquiry is **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 19th day of July, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf