**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

PAUL GEORGE BETTENCOURT,

Plaintiff,

v.

BRIAN OWENS, *et al*.,

Defendants.

Case No.: 1:10-cv-133 (WLS)

**ORDER**

Pending before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff (Doc. 63), which the Court **ACCEPTS-** and **ADOPTS-IN-PART** and **DENIES-IN-PART**, for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

**PROCEDURAL and FACTUAL HISTORY**[1]

Plaintiff filed the instant 42 U.S.C. § 1983 action alleging deliberate indifference in violation of his Eighth Amendment rights. (Doc. 3). Plaintiff claims that he wrote letters to Defendants Nobles and Allen and that he filed an informal grievance with Defendant Autry in August 2009 to inform them that he was being "sexual[ly] harassed" at Autry State Prison. (*Id.* at 5). Plaintiff informed these Defendants that his requests for protective custody had been denied and that he needed to be transferred to another building. Plaintiff states, however, that because he was not timely transferred and because his complaints of sexual harassment and requests for protective custody were ignored, he was assaulted and raped. (*Id.* at 6-7).

[1] The procedural and factual history is limited to the claims that Defendants Autry, Nobles, and Allen—the only Defendants to object to Judge Langstaff's Recommendation—raise in their Objection.

On December 13, 2010, Defendants Autry, Allen, and Nobles, along with Defendants Alls, Brown, Owens, Spears, Wade, Williams, and Zackery, filed their Motion to Dismiss. (Doc. 23). Therein, they assert, among other grounds, that Plaintiff's Complaint does not state a claim for relief because Plaintiff did not notify prison officials of the manner in which he was being sexually harassed, who was sexually harassing him, or who raped him. (Doc. 23-1 at 12). On February 22, 2011, Defendant Cleveland filed a separate Motion to Dismiss for failure to exhaust administrative remedies (Doc. 46), and from December 2010 to March 2011, Plaintiff filed three separate Motions for Default Judgment as to Defendant Cleveland (Docs. 27, 45, 49), one of which is entitled a Motion for Reconsideration[2] (Doc. 49).

On July 19, 2011, Judge Langstaff filed the subject Report and Recommendation, ruling on the abovementioned Motions for Default Judgment and Motions to Dismiss. (*See* Doc. 63). Therein, Judge Langstaff recommends that Plaintiff's Motions for Default Judgment (Docs. 27, 45, 49) be denied and that Defendant Cleveland's Motion to Dismiss for failure to exhaust administrative remedies (Doc. 46) be granted. (*Id.* at 3, 7-8, 18). He further recommends that the Motion to Dismiss (Doc. 23) filed by Defendants Allen, Alls, Autry, Brown, Nobles, Owens, Spears, Wade, Williams, and Zackery be granted-in-part and denied-in-part as follows: grant the Motion as to all claims against Defendant Spears for failure to exhaust administrative remedies and against Defendants Alls, Brown, Owens, Wade, Williams, and Zackery for failure to state a claim; grant the Motion as to the official capacity claims against Defendants Allen, Autry, and Nobles; grant the Motion as to the state law claims against Defendants Allen, Autry, and Nobles; and deny the Motion as to the individual capacity claims against Defendants Allen, Autry, and

[2] Although this Motion is entitled a Motion for Reconsideration, the Magistrate Judge, and this Court as well, construes it as a third Motion for Default Judgment because no decision on the merits had been issued on Plaintiff's first two Motions for Default Judgment at the time of Plaintiff's filing of his Motion for Reconsideration.

Nobles based on Plaintiff's sufficient pleading and on Defendants Allen, Nobles, and Autry's lack of entitlement to qualified immunity. (*Id.* at 17-18).

With respect to the denial of the Motion to Dismiss as to the individual capacity claims against Defendants Allen, Autry, and Nobles, Judge Langstaff reasons that said Defendants had subjective knowledge of the threat of sexual harassment to Plaintiff yet failed to act. (*Id.* at 15). He bases this conclusion on Plaintiff's previous communications to said Defendants, via written letters, in which he explained the sexual harassment from which he was suffering and that he needed protective custody. (*Id.* at 14). On this reasoning, Judge Langstaff finds that Plaintiff sufficiently pled his § 1983 deliberate indifference claim against Defendants Allen, Autry, and Nobles. (*Id.* at 15).

In addition, Judge Langstaff determines that Plaintiff has alleged a violation of a clearly established constitutional right—a claim of deliberate indifference to a substantial risk of harm—as to Defendants Autry, Nobles, and Allen. (*Id.* at 16). The Recommendation therefore concludes that said Defendants are not entitled to qualified immunity. (*Id.*). For these reasons, the Recommendation upholds Plaintiff's individual capacity § 1983 claims against Defendants Autry, Nobles, and Allen. (Doc. 63).

The Report and Recommendation provided the Parties until Friday, August 5, 2011—fourteen days[3] from the date of the Report and Recommendation's service—to file written objections to the recommendations therein. (*Id.* at 19). On July 29, 2011, Defendants Allen, Autry, and Nobles timely filed an objection to Judge Langstaff's recommended denial of their Motion to Dismiss Plaintiff's Eighth Amendment claims on the grounds of qualified immunity and failure to state a claim. (Doc. 65). On August 1, 2011, pursuant to Plaintiff's Motion for

[3] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

Extension of Time (Doc. 64), the Court provided Plaintiff an extension of fourteen days, until August 19, 2011, to file an objection to the Recommendation (Doc. 66).

Plaintiff failed to file his objection by the August 19, 2011 deadline (*see generally* Docket) and nearly a month thereafter, on September 12, 2011, filed a Motion for Extension and to Amend to request an additional extension of time to file his objection (Doc. 71). Judge Langstaff denied said Motion on September 21, 2011. (Doc. 73). Defendants Autry, Nobles, and Allen, however, timely filed an objection to the Recommendation on July 29, 2011. (Doc. 65). Accordingly, the Report and Recommendation is now ripe for the Court's review.

## DISCUSSION

In their Objection, Defendants Autry, Nobles, and Allen object to the Recommendation's findings (1) that Plaintiff states a claim of deliberate indifference against them and (2) that they are not entitled to qualified immunity. (Doc. 65 at 1-2). As to Plaintiff's failure to state a claim, Defendants Autry, Nobles, and Allen take issue with Plaintiff's failure to "identify any particularized or specific threats of harm . . . [as to] what the alleged 'sexual harassment' consisted of, who allegedly raped him or if the inmate who sexually harassed him and the inmate who raped him were even the same person." (*Id.* at 3 ("Plaintiff's Complaint alleges only that he was being 'sexually harassed' and requesting protective custody or a transfer, and he was subsequently raped by an unidentified inmate.")). Because of Plaintiff's generalized allegations of sexual harassment, Defendants Autry, Nobles, and Allen contend that they could not have been aware of any "excessive risk" to Plaintiff's health or safety. (*Id.*).

With respect to their claim of qualified immunity, Defendants Autry, Allen, and Nobles argue that Plaintiff's claims do not establish a constitutional violation, and even if they did, the law was not clearly established at the time of the alleged violation. (Doc. 65 at 6). According to

Defendants Autry, Allen, and Nobles, "no binding precedent show[s] that a failure to take action based on generalized allegations of harassment amounts to a constitutional violation." (*Id.* at 6-7 (citations omitted)). These Defendants therefore assert their entitlement to qualified immunity. (*Id.* at 7). The Court now addresses Defendants Autry, Nobles, and Allen's objection in turn.

## I. Objection 1: Failure to State a Claim

The Court finds improper Judge Langstaff's finding that Plaintiff states a claim for deliberate indifference against Defendants Autry, Nobles, and Allen. "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Carter v. Calloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal quotation marks omitted); *see also* Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (explaining Eighth Amendment Cruel and Unusual Punishment Clause's imposition of duty on officials to provide reasonable protection to inmate when they become aware of threat to inmate's health and safety). Not every injury suffered by one inmate at the hands of another, however, translates into a constitutional liability for prison officials responsible for the victim's safety. Carter, 352 F.3d at 1349.

A prison official only violates the Eighth Amendment when (1) the deprivation alleged is objectively, "sufficiently serious," such that it poses a substantial risk of serious harm, and (2) is caused by a "deliberate indifference" to health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate[—which is the focus of Defendants Autry, Allen, and Nobles' objection—]violates the Eighth Amendment," Farmer v. Brennan, 511 U.S. 825, 834-38 (1994), only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond reasonably to the risk,'" Carter, 352 F.3d at 1349 (citation and internal quotation marks omitted).

"Merely *negligent* failure to protect an inmate from attack does not justify liability under section 1983, however." Brown, 894 F.2d at 1537 (emphasis added); Farmer, 511 U.S. at 835 (noting that deliberate indifference standard "requires more than ordinary lack of due care"). The court in Metheny v. Smith, for example, found that an inmate's alleged general history as a "problem inmate" and the plaintiff's alleged report to prison staff that the inmate had threatened the plaintiff were insufficient to put the defendants on notice of a substantial risk to the plaintiff's safety. 2006 U.S. Dist. LEXIS 11645, No. CV 104-157, *24-25, *adopted*, 2006 U.S. Dist. LEXIS 11720 (S.D. Fla. Mar. 6, 2006). "Plaintiff's allegations at best," held the court, "establish[ed] that Defendants were *negligent* in assigning Plaintiff and [the inmate who attacked him] to the same dormitory." Id. at 24(emphasis added).

The known risk of injury must therefore be "'a strong likelihood, rather than a mere possibility' before a[n officer]'s failure to act can constitute deliberate indifference." Brown, 894 F.2d at 1537; *see also* Carter, 352 F.3d at 1349, 1350 ("[T]here must be much more than mere awareness of [a] . . . generally problematic nature [of another inmate]. . . . [A] generalized awareness of risk . . . does not satisfy the subjective awareness requirement."). Nevertheless, "a prison official [may not] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Farmer, 511 U.S. at 843-44 (explaining, for example, irrelevance to deliberate indifference liability of prison officials' inability to identity beforehand who would attack whom, despite their awareness of common and uncontrollable nature of rape in subject prison).

To illustrate, the Eleventh Circuit in Rodriquez v. McDonough found that genuine issues of material fact as to the plaintiff's deliberate indifference claim were created by evidence of

plaintiff's multiple verbal and written communications to the defendants that his life had been threatened by members of his former gang and that he needed to be transferred to another prison or be placed in protective custody to avoid injury. 508 F.3d 611, 618 (11th Cir. 2007). *But see* id. at 619 n.15 (noting further that by itself, plaintiff's written inmate request form, which stated that plaintiff "ha[d] a problem with another inmate in this compound" and "ha[d] made a request for protection," was insignificant to inquiry into defendant's subjective knowledge of substantial risk of harm). For this reason, the court found meritless the defendant's assertion that the plaintiff did not furnish any specifics as to who posed the alleged threats against the plaintiff. Id. at 619.

Following this same precedent, the Eleventh Circuit reached an opposite finding in Brown. There, the court held that the plaintiff's statement to a prison official that there was a "racial problem" in his cell was insufficient to require immediate protective action because there was no reason to believe that the plaintiff was in immediate danger. Brown, 894 F.2d at 1536, 1537 ("Brown did not say that he had been threatened, or that a fight was imminent, or that he feared an attack, nor is there evidence that racial tensions in the jail frequently resulted in violence.").

On similar grounds, the Eleventh Circuit in Carter denied the plaintiff's Eighth Amendment claim against the defendants for failure to protect him from his roommate's attack. Although the prison officials had received many complaints from the plaintiff and were aware of the plaintiff's roommate's violent history, the plaintiff failed to inform the officials that the plaintiff faced a particularized threat or fear in regards to rooming with his roommate. Carter, 352 F.3d at 1349, 1350. Instead, the plaintiff had only complained about his roommate "acting crazy, . . . roaming his cell like a 'caged animal,' wanting to fake a hanging, and making a

statement that Plaintiff would help in the fake hanging 'one way or another,'" the totality of which was not enough to give the officials subjective knowledge of a substantial risk to the plaintiff. Id. at 1349-50.

Applying the above Eighth Amendment deliberate indifference standards,[4] the Court finds that Plaintiff is unable to establish Defendants Autry, Nobles, and Allen's subjective knowledge of a substantial risk of harm to Plaintiff's safety. Plaintiff's communication to prison officials of his request to be transferred or be placed in protective custody because he was being sexually harassed by unidentified individuals at the prison could not have placed said Defendants on notice that Plaintiff faced a substantial risk of serious harm such as rape. Similar to the plaintiff's insufficient report in Rodriquez that he "ha[d] a problem with another inmate in this compound" and "ha[d] made a request for protection," a *single* report of "sexual harassment" and indication of a previous request for protective custody or transfer only suggest a *possibility* of some vague risk of harm.[5]

[4] With the exception of Metheny, all authority cited herein applies a summary judgment standard to the plaintiffs' deliberate indifference claims. Here, however, the Court is required to apply the Fed. R. Civ. P. 12(b)(6) standard, which is lower than the summary judgment standard. Despite the varied standards of review applicable in the cited legal authority and applicable to Plaintiff's claim in this case, the legal framework required to sustain Plaintiff's claims remains the same.

[5] Plaintiff did not submit with his Complaint at the commencement of his suit or at any other juncture of this case, copies of the grievance or letters submitted to Defendants Allen, Autry, and Nobles. In fact, no copy of the letters to Defendants Nobles and Allen are in the record. And the only copy of Plaintiff's alleged grievance was filed by Defendant Cleveland in support of her Motion to Dismiss. Defendant Cleveland has also filed additional grievances submitted by Plaintiff in support of her Motion to Dismiss. (*See* Docs. 46-4 to 46-5). Yet, the Court is not required to consider these documents given that Defendants Allen, Autry, and Nobles' Motion to Dismiss, and not *Defendant Cleveland's* Motion to Dismiss, is the subject of the Objection at issue. The Court would not logically consider documents submitted in support of Defendant Cleveland's Motion to Dismiss that were not submitted in support of Defendants Allen, Autry, and Nobles' Motion to Dismiss or Objection. Moreover, a court's review of a 12(b)(6) motion to dismiss is limited to the four corners of the complaint, prohibiting evaluation of documents beyond the pleadings. St. George v. Pinellas County, 285 F.3d 1334 (11th Cir. 2002). Even if the Court were to consider the grievance, it finds them immaterial as well as insubstantial to the analysis herein. The grievances merely refer to the subject grievance or letters submitted to Defendants Autry, Allen, and Nobles, and once again, they only state that Plaintiff was "sexual[lly] harassed" prior to his rape or that he was raped due to Defendants' negligence. (*See, e.g.*, Doc.46-4 at 23-24). And any grievance that references Plaintiff's alleged earlier rape in 2002 by the same prisoner who raped him in 2009 (*see* Doc. 46-4 at 21, 23) does not speak to the circumstances at the time of Plaintiff's sexual harassment and rape seven years later in 2009, so as to signify Defendants' subjective knowledge of the risk of rape in 2009. Otherwise stated, Defendants' alleged knowledge of Plaintiff's rape in 2002 does not give rise to the

With no further description or detail as to whether the sexual harassment, for example, involved physical touching or physical threats, a strong, specific likelihood of an attack could not have arisen in Defendants' subjective conscience where Plaintiff only reported the occurrence of sexual harassment. The Court certainly does not make light of the seriousness of sexual harassment or rape. Yet, based on the inexplicit nature of Plaintiff's allegations, the sexual harassment from which Plaintiff allegedly suffered could have merely constituted inappropriate verbal advances, verbal taunts, or uncomfortable sexual compliments, with no insinuation of violence. Sexual harassment in this form does not rise to the level of a substantial risk of harm, nor would it have notified Defendants Autry, Allen, or Nobles of a strong likelihood of rape or other physical attack.

Plaintiff has failed to articulate any other reasons, outside of his written letters and grievance, for Defendants Autry, Allen, or Nobles to be concerned about an assault against Plaintiff. Plaintiff has not alleged the occurrence of any previous altercations between inmates or attacks of one inmate on another at Autry State Prison. Accordingly, much like the court's interpretation of the plaintiff's report of a "racial problem" in Brown, the Court here finds that there is no reason to believe that Plaintiff was in immediate danger, since he did not indicate that he had been threatened, that a fight was imminent, or that he feared an attack. Nor is there evidence that sexual harassment at Autry State Prison frequently resulted in rape, sexual assault, or much less, any type of violence. Accordingly, Plaintiff's report of sexual harassment in no way represents a particularized threat or fear experienced by Plaintiff to cause Defendants Autry, Allen, or Nobles to respond to Plaintiff's request for protective custody or transfer. Thus, the

---

inference that Defendants should have been aware of the risk of rape seven years later, without any further detail, or much less, that Defendants should have concluded from Plaintiff's complaint of sexual harassment that rape was a substantial risk to him, as explained below. *See supra* p. 9.

Court does not accept Judge Langstaff's recommendation that Plaintiff has stated a claim for deliberate indifference.

**II. Objection 2: Qualified Immunity**

Because the Court finds that Plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment, it does not evaluate Defendants Autry, Nobles, and Allen's assertion of qualified immunity. *See* Carter, 352 F.3d at 1350 n.10 (explaining that defendant has no need for qualified immunity where plaintiff's deliberate indifference claim fails).

The Court's consideration of the foregoing thereby causes the Court to **SUSTAIN** Defendants Autry, Allen's, and Nobles' Objection (Doc. 65) and **REJECT-IN-PART** Judge Langstaff's Recommendation.

**CONCLUSION**

In view the above discussion, Defendant Autry, Allen, and Nobles' Objection (Doc. 65) is **SUSTAINED** as to Plaintiff's failure to state a claim of deliberate indifference. For reason of the findings made and reasons stated in the Recommendation together with the reasons stated and conclusions reached herein, U.S. Magistrate Judge Langstaff's July 19, 2011 Report and Recommendation (Doc. 63) is **ACCEPTED-** and **ADOPTED-IN-PART** and **DENIED-IN-PART** as follows. As recommended by Judge Langstaff, Plaintiff's Motions for Default Judgment (Docs. 27, 45, 49) are **DENIED**, and Defendant Cleveland's Motion to Dismiss (Doc. 46) is **GRANTED**. Contrary to Judge Langstaff's recommendation, however, Defendants' Motion to Dismiss (Doc. 23) is **GRANTED** in whole as to all Defendants—that is, as to Defendants Alls, Brown, Owens, Spears, Wade, Williams, and Zackery, and as to Defendants

Allen, Autry, Nobles. Plaintiff's Complaint (Doc. 3) is **DISMISSED** as to all Defendants.[6]

**SO ORDERED**, this 30th day of September 2011.

**/s/ W. Louis Sands**
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

[6] The remaining Defendant, John Doe Internal Affairs, has also been dismissed pursuant to the Court's adoption of Judge Langstaff's October 12, 2010 Report and Recommendation. (*See* Doc. 75).