IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

PAUL GEORGE BETTENCOURT,      :
                               :

        Plaintiff,            :
                               :

   VS.                         :     **1 :10-CV-133 (WLS)**
                               :

BRIAN OWENS, *et al.*,         :
                               :

        Defendants.      :
_____:

### ORDER AND RECOMMENDATION

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 on October 4, 2010.   (Doc. 3).   Then-defendants Autry, Allen, Nobles, Alls, Brown, Owens, Spears, Wade, Williams, Zackery, and Cleveland filed Motions to Dismiss.   (Docs. 23, 46).   After the district judge assigned to this case granted the Motions to Dismiss, Plaintiff appealed the subsequent judgment. (Docs. 77, 79).

On appeal, the Eleventh Circuit Court of Appeals found that Plaintiff failed to exhaust the administrative remedies available to him as to Ms. Cleveland, and failed to state a claim against Captain Williams and Sargent Wade; the issue of exhaustion relating to Lieutenant Spears was not addressed.   (Doc. 96).   The Eleventh Circuit also found that Plaintiff failed to state a claim against the remaining defendants.   However, the Eleventh Circuit determined that the district court erred by dismissing Plaintiff's Complaint with prejudice without affording Plaintiff an opportunity to amend his Complaint.   The case was vacated and remanded so that Plaintiff could be allowed to amend his Complaint.

Plaintiff filed his Amended Complaint on October 29, 2013.   (Doc. 101).   "[A]n amended

complaint supersedes the initial complaint and becomes the operative pleading in the case."
*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 219 (11th Cir. 2007).   "[T]he original pleading is
abandoned by the amendment, and is no longer a part of the pleader's averments against his
adversary."   *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007);
*Schreane v. Middlebrooks*, 522 Fed. Appx. 845, *847 (11th Cir. 2013).   Accordingly, Plaintiff's
Amended Complaint supersedes and replaces Plaintiff's original Complaint.

Plaintiff's Amended Complaint alleges that Defendants Allen, Alls, Autry, Brown, Nobles,
Owens, and Zackery were deliberately indifferent to a substantial risk of harm to Plaintiff,
violating his Eighth Amendment rights.   (Doc. 101).   Plaintiff asserts that beginning in August
2009, while incarcerated at Autry State Prison (hereinafter "ASP"), inmates started to sexually
harass him.   Throughout August 2009, Plaintiff alleges that he notified Defendants Nobles, Allen,
Owens, and Autry of the sexual harassment.   Plaintiff also states that he tried to "sign up" for
protective custody with Defendants Alls, Brown, and Zackery, but was denied.

Plaintiff states that on September 7, 2009, he was attacked and raped in his cell by another
inmate.   Plaintiff allegedly tried to tell Lieutenant Spears he was raped, but Lieutenant Spears
told Plaintiff he did not have time.   After the rape, Plaintiff was allegedly taken to Mitchell
County Hospital so that he could be examined, and upon return from the hospital, Plaintiff was
placed in protective custody until he was transferred to a different facility.

In his Amended Complaint, Plaintiff has alleged claims against Defendants Allen, Alls,
Autry, Brown, Nobles, Owens, Zackery, and Spears.   Plaintiff has not realleged claims against
Ms. Cleveland, Captain Williams, or Sargent Wade.

**Legal Standards**

The Amended Complaint is now before the Court for an initial review pursuant to 28

2

U.S.C. § 1915A to determine if Plaintiff has stated a claim for which relief can be granted.   A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).   To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).   While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation."   *Id.*   The "well-pled allegations must nudge the claim across the line from conceivable to plausible."   *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."   *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).   The deliberate indifference standard has both an objective and a subjective component.   "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment."   *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).   Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

3

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

## Discussion

In his Amended Complaint, Plaintiff alleges that he tried to sign in to protective custody with Defendants Alls, Brown, and Zackery, but was denied.  (Doc. 101).   Plaintiff also states that he wrote three letters to Defendant Nobles, two letters to Defendant Allen, and one letter to Defendant Owens, and Plaintiff filed a grievance with Defendant Autry.   Specifically, Plaintiff maintains that the letters and the protective custody statement explained that inmates "were masturbating off" Plaintiff in the shower, and grabbing Plaintiff's bottom to try to force Plaintiff to have sex.   Plaintiff states that he cannot say that one of the individuals who sexually harassed him raped him, because he does not know who raped him.   (*Id.* at pp. 10-11).

Plaintiff must state factual allegations in his Amended Complaint showing Defendants were aware of the specific threat of assault and rape, and must allege facts showing that Defendants drew the inference that Plaintiff was under a serious risk of harm, yet acted with deliberate indifference.   *See Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (the facts must allege that the defendants were aware of a "particularized threat or fear felt by Plaintiff"); *Cassady v. Owens*, 2009 WL 2997909, *5 (S.D. Ga. 2009) (a plaintiff "must allege facts showing that the defendants drew the inference that their failure [to act]" placed plaintiff in "a substantial risk of serious harm"); *Metheny v. Smith*, 2006 WL 566111 (S.D. Ga. 2006) (granting motion to dismiss for failure to state a claim because plaintiff's allegations that he told defendants that a specific inmate was a threat to plaintiff did not show that the defendants had subjective knowledge of a risk of harm). Information contained in a grievance or letter is insufficient to show that a defendant had subjective knowledge of a serious risk of harm to the plaintiff.   *See Rodriguez v.*

4

*Secretary for Dept. of Corrections*, 508 F.3d 611, 619, n. 15 (11th Cir. 2007) (noting that by itself, plaintiff's written inmate request form, which stated that the plaintiff had a problem with another inmate and requested protection, was insignificant to create a genuine issue as to the defendant's subjective knowledge); *Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding that filing letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm).

Plaintiff appears to allege that Defendants were aware that Plaintiff faced a substantial risk of serious harm because of the letters, statement, and grievance only.   Plaintiff does state that he had conversations with Defendants Nobles and Allen.   However, the Amended Complaint does not contain information regarding the content of the conversations, and thus Plaintiff has failed to provide sufficient factual allegations showing that Defendants Nobles and Allen were aware of a substantial risk of harm to Plaintiff through the alleged conversations.   *See Carter*, 352 F.3d at 1349-50 (determining that plaintiff's statements to the defendants that his cellmate was acting crazy was not enough to show that the defendants had subjective knowledge of a serious risk of harm to the plaintiff); *Sanford v. Toby*, 2013 WL 4787143, *6 (S.D. Ga., Sept. 6, 2013) (finding the defendants were not subjectively aware of a substantial risk of serious harm when the plaintiff made statements to the defendants about his cellmates, but the statements did not show any *particularized* threat or fear).

Plaintiff also alleges that the wide-spread violence at ASP put Defendants Owens and Allen on notice of the serious risk of harm to Plaintiff.   Plaintiff again only provides vague, conclusory allegations regarding the wide-spread violence at ASP.   Plaintiff has not provided specific

allegations that show there were frequent sexual assaults, rapes, or inmate-on-inmate attacks that put Defendants Owens and Allen on notice that Plaintiff was facing a substantial risk of serious harm.  *See West v. Tillman*, 496 F.3d 1321, 1329 (11th Cir. 2007) (deprivations that constitute widespread abuse to put a defendant on notice must be "obvious, flagrant, rampant and of continued duration").

The Amended Complaint does not allege sufficient facts to show that Plaintiff informed Defendants he was afraid he was going to be attacked and raped.   Further, Plaintiff does not allege that Defendants actually made the inference from the information contained in the written documents that Plaintiff faced a substantial risk of harm.   The letters, statement, and grievance are not sufficient to show Defendants drew the inference that there was a substantial risk of harm that Plaintiff would be raped.  *See Smith v, Reg'l Director of Florida Dept. of Corrections*, 368 Fed. Appx. 9, 14 (11th Cir. 2010) (finding grievances concerning allegations of segregation did not provide notice to prison officials that inmate could be attacked).   Accordingly, Plaintiff has not sufficiently alleged facts to show that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff.  *See Murphy v. Turpin*, 159 Fed. Appx. 945, 948 (11th Cir. 2005) (dismissing complaint for failure to state a claim of failure to protect because the complaint did not show the defendants had the requisite subjective knowledge of a risk of serious harm); *Rich v. Bruce,* 129 F.3d 336, 339–340 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even though his actions violate prison regulations or can be described as stupid and lazy).

Plaintiff also appears to allege that Lieutenant Spears was deliberately indifferent to Plaintiff's serious medical needs because he ignored Plaintiff after Plaintiff was raped.   Plaintiff states that he "tried to talk" to Defendant Spears, but Defendant Spears did not have time.

6

Plaintiff does not allege that he told Defendant Spears about the rape.   As Defendant Spears was not aware of the assault and rape, he lacked the necessary subjective knowledge to act with deliberate indifference to Plaintiff's serious medical needs.   *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (a defendant must be aware of facts from which an inference can be drawn that a substantial risk of serious harm exists).   Further, Plaintiff previously acknowledged that he did not exhaust the administrative remedies available to him as to his claim against Defendant Spears.   (Doc. 39).   Administrative remedies must be exhausted at the time the legal action is brought.   *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).   As Plaintiff has failed to state a claim against Lieutenant Spears, and has failed to exhaust the administrative remedies as to the claim alleged against Lieutenant Spears, this claim must be dismissed.

Finally, Plaintiff does not allege that the remaining Defendants acted with deliberate indifference after the alleged assault took place.   Upon returning to prison after his medical examination, Plaintiff admits that he was placed in protective custody until he was transferred to a different facility.   (Doc. 101).   Defendants acted reasonably to protect Plaintiff after the alleged assault and rape by taking him to the doctor and providing him protective custody upon his return to the prison.   *See Woody v. Chronic*, 401 Fed. Appx. 509, 513 (11th Cir. 2010) (affirming motion to dismiss for failure to state a claim when defendants were not aware of the risk and defendants acted reasonably after plaintiff was attacked by taking steps to protect him from future assaults).   Thus, Plaintiff has not stated a claim alleging deliberate indifference against Defendants after the assault took place.

## Conclusion

The undersigned finds that Plaintiff's Amended Complaint does not provide the necessary factual allegations to state a claim against Defendants.   As such, it is the recommendation of the

7

undersigned that Plaintiff's Amended Complaint, which replaced his original Complaint, be

**DISMISSED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

recommendations contained herein with the Honorable W. Louis Sands, United States District

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

**Miscellaneous Motions**

*Motion for Injunctive Relief (Doc. 106)*

     Plaintiff has filed a Motion requesting the Court enter an order preventing Defendants from

destroying documents and Prison Rape Elimination Act voice recordings.   A temporary

restraining order/preliminary injunction protects a party against irreparable harm while preserving

the status quo until a decision on the merits can be made.   *Canal Authority of State of Florida v.

Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).   In order to obtain injunctive relief, Plaintiff must

prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer

irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs

whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if

issued, would not be adverse to the public interest.   *Zardui-Quintana v. Richard*, 768 F.2d 1213,

1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480,

483 (1990).   "The preliminary injunction is an extraordinary and drastic remedy not to be granted

unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites;

[furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the

plaintiff.'"   *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting

*Canal Authority*, 489 F.2d at 573).

Plaintiff provided a list of several documents and a recording, and states that he will be using the information as evidence to prove his claim.   Plaintiff has not provided any evidence or information that Defendants intend to destroy evidence or have destroyed any evidence pertaining to this case.   Thus, there is no evidence to show that Plaintiff will likely prevail on the merits of this claim.

Furthermore, Plaintiff has not shown that the conduct at issue is imminent and there is no other relief or compensation available.   An "irreparable injury must be neither remote nor speculative, but actual and imminent."   *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiff has failed to provide any evidence or allegations that he faces an actual and imminent injury.   There is no allegation that Defendants are attempting to destroy the identified documents.  Additionally, if there is a later finding of spoliation, "courts are empowered to impose a variety of sanctions, ranging from a jury instruction to exclusion of evidence or dismissal of the case." *South Georgia Productions, Inc. v. Pioneer Machinery, Inc.*, 2004 WL 5492716, *3 (N.D. Ga., March 31, 2004).   Plaintiff has failed to prove that he will suffer irreparable harm if injunctive relief is not issued.

As Plaintiff has failed to show that he will likely prevail on the merits or suffer irreparable injury unless the Court issues injunctive relief, the undersigned recommends that Plaintiff's Motion requesting the Court issue an order preventing Defendants from destroying documents and recordings be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

9

Recommendation.

***Motion to Stay (Doc. 102)***

Defendants have filed a Motion requesting the case be stayed until the completion of the 28 U.S.C. § 1915A review.   This Motion is hereby **GRANTED** as follows: Discovery is stayed until the district judge assigned to this case rules on the above-stated §1915A review.   Should any claim remain pending after such order from the district judge is filed, any party may move for the Court to open discovery at that time.

***Motion for Appointment of Counsel (Doc. 104)***

Plaintiff filed a Motion for Appointment of Counsel.   Generally speaking, no right to counsel exists in § 1983 actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).   Appointment of counsel is a privilege that is justified only by exceptional circumstances. *McCall v. Cook*, 495 Fed. Appx. 29, 31 (11th Cir. 2012); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.   *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.   The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's

Motion for Appointment of Counsel is **DENIED**.

      **SO ORDERED AND RECOMMENDED**, this 17th day of December, 2013.

                                      s/ ***THOMAS Q. LANGSTAFF***
                                       UNITED STATES MAGISTRATE JUDGE