**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

PAUL GEORGE BETTENCOURT,          :
                                  :
          Plaintiff,              :
                                  :
v.                                :          CASE NO.: 1:10-cv-133 (WLS)
                                  :
BRIAN OWENS *et al*,              :
                                  :
          Defendants.             :
_____ :

## ORDER

Before the Court is a December 17, 2013 Recommendation from a United States Magistrate Judge, recommending the dismissal of this 42 U.S.C. § 1983 case for failure to state a claim. The Court adopts in part and does not adopt in part the Recommendation.

### PROCEDURAL BACKGROUND

Plaintiff Paul Bettencourt is an inmate at Autry State Prison. He brought suit *pro se* under § 1983 against various prison officials and officers for deliberate indifference to a serious risk of harm. Bettencourt claims he was raped after prison officials repeatedly ignored his requests for protection. The magistrate judge summarized the relevant procedural history, which the Court adopts here.

Bettencourt makes the following allegations in his Amended Complaint: On August 1, 2009, Bettencourt wrote chief counselor Bengie Nobles, explaining that he was being sexually harassed by several inmates in the "K" building. The inmates kept "asking . . . for sex" and were "getting more aggressive as the days go by." Bettencourt wrote Nobles again on August 10, 2009, explaining that Officers Brown and Alls refused him protective custody because he would not share the names of his harassers. In the letter, Bettencourt described how the inmates "were masturbating off [him] while in the open shower" and how he feared the situation would become worse.

On August 10, Bettencourt also wrote Deputy Warden of Security Marty Allen to request protection. The letter explained he was being sexually harassed and that Officers Zackary, Alls, and Brown refused to place him in protective custody. Bettencourt said he could not offer the other inmates' names for fear of reprisal. The letter described how the inmates masturbated "off [him] in the open shower" and how he was afraid they'd attack or stab him if he fought back or shared their names.

Bettencourt sent a third letter to Nobles on August 18, 2009, explaining "that the situation was out of control." He gave Nobles the names or aliases of his aggressors. He said they continued to masturbate to him in the shower and that they were now coming into his room, grabbing him on the butt, and "trying to make [him] have sex with them." In addition, the letter stated that the inmates held him in the cell and forced him to watch them masturbating. According to the letter, Officers Zackary, Brown, and Alls refused to provide him protective custody because he did not know the inmates' real names. Bettencourt also wrote Allen a second letter on August 18, describing the same events. In the letter, he also recalled: "The last time we talked you asked me if I was a homosexual. I told you I was, and you said [sic] "'what's the problem then.'"

On August 18, 2009, Bettencourt filed an informal grievance about the sexual harassment. Counselor Hank Autry gave him a formal grievance on August 26 or 27. Autry did not return to Bettencourt's building until September 3, 2009. Bettencourt saw him in the yard and told him he needed to turn in his grievance. In response, Autry said he would call him to his office after lunch. Around 2:30, Bettencourt had a counselor call Autry's office only to find that he was not there.

On August 18, Bettencourt also wrote Brian Owens, the commissioner of the Department of Corrections. He explained in the letter that he was being sexually harassed and that other inmates were grabbing his butt and trying to have sex with him. He also explained his attempts to contact officials at the prison.

Bettencourt also alleges that, throughout this time period, he provided statements to Officers Brown, Zackary, and Alls requesting protective custody. In these

statements, Bettencourt described how the inmates were "masturbating off" him, grabbing his butt, and coming into his room and trying to force him to have sex.

On September 7, 2009, Bettencourt was in his room urinating with his back to the cell door. He heard the door open. Assuming it was his roommate, he did not turn around. Suddenly, someone grabbed him by the neck, placed him in a chokehold, and slammed his head into a wall. Bettencourt passed out and awoke to someone "performing anal sex" on him. He tried to fight and was "choked out" again.

Afterward, Bettencourt's friend called the prison to tell authorities he had been raped. Bettencourt tried to talk to Officer Derrick Spears in the dining hall, but Spears told him he didn't have time to talk.

On a review under 28 U.S.C. § 1915A, a magistrate judge recommends that the Court dismiss the case because Bettencourt has failed to allege sufficient facts to show that the defendants acted with deliberate indifference.

## DISCUSSION

Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official violates the Eight Amendment when he or she is subjectively aware of a substantial risk of harm and does not respond reasonably to that risk. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

To state a deliberate indifference claim, a prisoner must allege facts showing that the defendants acted with more than mere negligence or carelessness. *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013). He must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough,* 718 F.3d 1325, 1331–32 (11th Cir.2013) (internal quotation marks omitted). In other words, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*.' " *Id.* (quoting *Purcell ex rel. Estate of Morgan v. Toombs County*, 400 F.3d 1313, 1319–20 (11th Cir. 2003)).

The magistrate judge erred in recommending dismissal of claims against Defendants Allen, Alls, Autry, Brown, Nobles and Zackary. Bettencourt alleges in his Complaint and in attached letters he provided statements to Alls, Brown, and Zackary containing "detailed accounts" about how several inmates continued to sexual harass him, masturbate to him, come into his room, grab his butt, and try to force him to have sex. The defendants continued to refuse protective custody. According to the Amended Complaint, Defendant Autry thought the situation serious enough to warrant a formal grievance and a corrective response, yet failed to take action until Bettencourt had already been raped.

Bettencourt wrote and spoke to Allen and Nobles multiple times about his fears of being raped. He wrote Allen twice. The second letter recounts how Bettencourt spoke to Allen in person, only to have Allen dismiss his requests for help with a flippant remark about Bettencourt's sexual orientation. Bettencourt also claims he wrote Defendant Nobles three times regarding the harassment. The letters to Nobles evince a worsening situation, where inmates first harassed Bettencourt and masturbated to him in the shower and within weeks graduated to corralling him into his cell while they grabbed his butt, tried to force him to have sex, and required him to watch them masturbate.

Taken together, the letters and conversations state a *plausible* claim that the defendants acted with deliberate indifference. *See Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 618–19 (11th Cir. 2007) (finding genuine issue of material fact on deliberate indifference where inmate informed officer twice of threats and wrote a grievance). This case therefore is distinguishable from case law holding that, without more, letters to prison officials cannot state a deliberate indifference claim. *See Nicholas v. Burnside*, No. 5:11-cv-116 (MTT), 2011 WL 2036709, at *3 (M.D. Ga. Apr. 21, 2011); *Weems v. St. Lawrence*, No. CV409-065, 2009 WL 2422795, at *4 (S.D. Ga. Aug. 6, 2009). Given the

context of Bettencourt's conversations and the liberality of pleading standards, the Court is not persuaded that Bettencourt's failure to allege with greater specificity the content of those conservations is fatal to his claims. It reasonable to infer that, in following up on his written pleas for help, Bettencourt would have conveyed the same information to the defendants.

The Court, however, agrees that the Amended Complaint fails to state claims against Defendants Brian Owens and Spears. As the magistrate judge noted, the single letter and generalized allegations about widespread violence at the prison were insufficient to allege that Owens was deliberately indifferent to a risk of harm. For the reasons stated in the magistrate judge's Recommendation, the Amended Complaint also fails to state a claim against Defendant Spears.

## CONCLUSION

For those reasons, the Court **ADOPTS in part** and **DOES NOT ADOPT in part** the Recommendation, as follows: The claims shall proceed against Defendants Allen, Alls, Autry, Brown, Nobles and Zackary. Claims against Owens and Spears are **DISMISSED** without prejudice. Bettencourt's Motion to Prevent Defendants from Destroying Documents (Doc. 106) is **DENIED** for the reasons stated in the Recommendation. The stay is hereby **LIFTED**, and the case shall proceed in accordance with this Order.

**SO ORDERED**, 28th     day of March, 2014.

/S/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**